UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-81413-RLR/JMH

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,

v.

RICHARD J. SULLIVAN, et al.,

                          Defendants.

## <u>FINAL JUDGMENT AS TO DEFENDANT RICHARD J. SULLIVAN</u>

The Securities and Exchange Commission having filed a Complaint and Defendant Richard J. Sullivan having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.
### PERMANENT INJUNCTIVE RELIEF

#### A.
#### Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment in or offering of securities;

(b) any investment strategy or investment in securities;

(c) the prospects for success of any product or company; or

(d) the use of investor funds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## B.
## Section 17(a)(2) of the Securities Act

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 .S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement

of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a) any investment in or offering of securities;

    (b) any investment strategy or investment in securities;

    (c) the prospects for success of any product or company; or

    (d) the use of investor funds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### C.
### Section 16(a) of the Exchange Act and Rule 16a-3 thereunder

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 16(a) of the Exchange Act and Rule 16a-3 thereunder [15 U.S.C. §78p(a) and 17 C.F.R. § 240.16a-3], requiring officers, directors and beneficial owners or more than ten percent of any class of equity security registered pursuant to Section 12 of the Exchange Act to file period reports disclosing ownership.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### D.
### Rule 13a-14 of the Exchange Act

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act, thereby directly or indirectly, as an officer or director of an issuer, from falsely certifying in an annual report based on his knowledge, the disclosure report did not contain any untrue statement of material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, with respect to the period covered by the report.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### E.
### Aiding and Abetting any violation of Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of

the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a) any investment in or offering of securities;

    (b) any investment strategy or investment in securities;

    (c) the prospects for success of any product or company; or

    (d) the use of investor funds.

**F.**
**Aiding and Abetting Section 13(a) of the Exchange Act**
**and Rules 12b-20, 13a-1 and 13a-11**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. 78m(a)], and Rules 12b-20, 13a-1 and 13a-11 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1, and 240.13a-11].

**II.**

**OFFICER AND DIRECTOR BAR**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

## PENNY STOCK BAR

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## IV.

## CIVIL PENALTIES

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $150,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Richard J. Sullivan as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## V.

## PAYMENT PLAN

Sullivan shall pay the total penalty due of $150,000 in 5 installment payments to the Commission according to the following schedule:

(1) $15,000 within 14 days of entry of this Final Judgment, and;

(2) $33,750 within 90 days of entry of this Final Judgment, and;

(3) $33,750 within 180 days of entry of this Final Judgment, and;

(4) $33,750 within 270 days of entry of this Final Judgment, and;

(5) $33,750 within 360 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Sullivan shall contact the staff of the Commission for the amount due for the final payment.

If Sullivan fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## V.

## CONSENT INCORPORATION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

## BANKRUPTCY NONDISCHARGEABILITY

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED**, in Chambers, Fort Pierce, Florida this 10th day of April, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE